**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

SANDRA CHAMBERS,

    Plaintiff,                              Case No. 10-12509

v.                                         HONORABLE DENISE PAGE HOOD

STATE OF MICHIGAN, LAPEER
COUNTY CIRCUIT COURT,
NICK O. HOLOWKA, and
NADINE CHAMBERS,

    Defendants.

_____/

**MEMORANDUM OPINION AND ORDER**
**GRANTING DEFENDANTS' MOTION TO DISMISS OR,**
**ALTERNATIVELY, FOR SUMMARY JUDGMENT**

**I.    BACKGROUND**

This matter is before the Court on a Motion to Dismiss, or alternatively for Summary Judgment, filed by Defendants State of Michigan, Lapeer County Circuit Court of Michigan, and Nick O. Holowka, Chief Judge of Lapeer County Circuit Court, in lieu of filing an Answer to the Complaint. Defendant Nadine Chambers filed a Notice of Joinder and Concurrence to the Motion. A response has been filed by Plaintiff Sandra Chambers.

On June 24, 2010, Plaintiff filed a Complaint for Declaratory and Injunctive Relief against Defendants setting forth nine counts. Plaintiff challenges the constitutionality of the action of Judge Nick O. Holowka although she claims she is not seeking to review the state court decisions or issuance of an order nullifying or overruling any of the decisions. Plaintiff asserts she is not

requesting any retroactive relief or money damages but is instead seeking prospective, non-monetary, declaratory and injunctive relief to preclude future infringement of her rights. Plaintiff claims that the details of Plaintiff's husband's 1993 divorce proceedings with his former wife, Nadine Chambers, or the state court action that Nadine Chambers brought against Plaintiff and her husband under Michigan's Uniform Fraudulent Transfer Act ("UFTA"), are extraneous matters and should not be considered by the Court.

In 1993, Judge Holowka entered a judgment divorcing Plaintiff's husband, Merle Chambers, and his former wife, Nadine Chambers. The divorce judgment awarded Nadine Chambers the right to permanent alimony from Merle Chambers. In March 2008, Merle Chambers filed a motion to modify and/or terminate the permanent alimony obligation based on income reduction because he had retired. Judge Holowka held an evidentiary hearing on Merle Chambers' motion on September 26, 2008 and issued a written opinion on April 27, 2009 holding that there had been no change in circumstances to warrant a modification of alimony. Judge Holowka considered all income sources for all parties, including income received by Merle Chambers from three promissory notes issued by his employer. Merle Chambers had transferred these promissory notes to Plaintiff, his current wife. Judge Holowka considered the promissory notes at issue in this case and in the UFTA action. (Plaintiff's Br., Ex. 3, p. 7) Judge Holowka calculated the average annual interest of the three notes received in evidence at $29,279.80 over a ten year period. (*Id.*)

Nadine Chambers filed an action before Judge Holowka (Lapeer County Circuit Court Case No. 10-04232-CZ) asserting that the conveyance of the promissory notes to Plaintiff by Merle Chambers was a fraudulent transfer under the UFTA. Merle Chambers and Plaintiff filed a counterclaim alleging 12 separate claims against Nadine Chambers. Plaintiff alleged that she was

2

the owner of the promissory notes and that any consideration of those notes by Judge Holowka relating to Merle Chambers' ability to continue to pay alimony or to enforce alimony payments against the promissory notes invaded Plaintiff's property.

The fraudulent conveyance action is still pending before the Lapeer County Circuit Court and several appeals have been taken with regard to the alimony matter, with at least one appeal currently pending as of the filing of the Motion to Dismiss.

In their Motion to Dismiss, Defendants argue that this matter should be dismissed based upon Rules 12(b)(1), (2) and (6) because the Court lacks jurisdiction over the claims, the claims are barred by the Rooker-Feldman doctrine, certain of the claims are barred by judicial immunity or the Eleventh Amendment, and the claims asserted are precluded by the doctrine of res judicata. The Court addresses Defendants' arguments below.

## II.     ANALYSIS

### A.     Jurisdiction

Defendants argue that this Court lacks jurisdiction over questions of divorce and alimony. In response, Plaintiff claims that this Court has subject matter jurisdiction over the federal question claims under the United States Constitution and ERISA.

The domestic relations exception precludes federal courts from exercising jurisdiction over cases whose substance is generally domestic relations. *Barber v. Barber,* 62 U.S. (21 How) 582, 584 (1858). "Even when brought under the guise of a federal question, a suit whose subject is domestic relations generally will not be entertained in a federal court." *Firestone v. Cleveland Trust Co.,* 654 F.2d 1212, 1215 (6th Cir. 1981). The Supreme Court has held that federal courts lack

jurisdiction to issue a divorce, alimony or child custody decrees; it does not extend to other related issues simply because domestic relations considerations are implicated. *Ankenbrandt v. Richards,* 504 U.S. 689, 703-04 (6th Cir. 1992). The domestic relations exception applies where the case is a "core" domestic relations case, seeking a declaration of marital or parental status. *Catz v. Chalker,* 142 F.3d 279, 291 (6th Cir. 1998).

Although Plaintiff asserts she is not seeking a review of the State Court decisions regarding the promissory notes, the "core" of Plaintiff's cause of action is a declaration of whether Michigan's statute regarding alimony is unconstitutional and violates Plaintiff's right to her husband's property. This claim, under the guise of a constitutional or ERISA claim, involves the "core" issue before the State Court—what assets owned by Plaintiff's husband could be considered in a State Court's determination of alimony. Specifically, Plaintiff's Complaint seeks an equitable order "requiring they reinstate her and her husband's assets and any other ERISA-protected benefits properly calculated as if the unlawful interference by Defendants and Interested Party had not occurred." (Complaint, ¶ 93) Plaintiff's Complaint must be dismissed under the domestic relations exception.

### B. Judicial Immunity

Defendant claims that Judge Holowka is entitled to absolute judicial immunity because the actions complained of were made in his capacity as a judge. Plaintiff claims that she is not seeking monetary damages or retrospective relief against any of the Defendants. Although Plaintiff so argues in her response, her Complaint states otherwise, as shown above in paragraph 93 of her Complaint.

Judges enjoy absolute immunity from liability of acts undertaken in their judicial capacity. *Pierson v. Ray,* 386 U.S. 547, 553-54 (1967). The immunity applies unless a judge has acted in a

non-judicial way or performed judicial acts in the complete absence of all jurisdiction. *Mireless v. Waco,* 502 U.S. 9, 11 (1991). This form of judicial immunity is not available when a judge is sued in his official capacity. *Kennedy v. Graham,* 473 U.S. 159, 167 (1985). When a state court judge is sued in his official capacity, the suit is essentially against the state. *Matthews v. Jones,* 35 F.3d 1046, 1049 (6th Cir. 1994). The Eleventh Amendment protects states against liability for money damages, even when an action is filed against a state actor in his or her official capacity. *Rodgers v. Banks,* 344 F.3d 587, 594 (6th Cir. 2003). The Eleventh Amendment does not, however, prohibit suits against state officers for prospective injunctive or declaratory relief. *Edelman v. Jordan,* 415 U.S. 651, 677 (1974). Judges received additional protection from Congress under 42 U.S.C. § 1983 when it was amended to prohibit the granting of injunctive relief against judicial officers for acts taken in their judicial capacities, except in situations in which a declaratory decree has been violated or declaratory relief is not available. 42 U.S.C. § 1983.

In this case, Judge Holowka is not entitled to judicial immunity since he was sued in his official capacity. He is also not entitled to Eleventh Amendment immunity since Plaintiff is not seeking money damages. However, under § 1983, Plaintiff cannot pursue injunctive relief against Judge Holowka. Plaintiff's claims for injunctive relief under § 1983 against Judge Holowka are dismissed. The amended language under § 1983 does not expressly prohibit a declaratory action against Judge Holowka. However, even if the Court were to enter a declaratory action in this case contrary to Judge Holowka's ruling, such a declaration would be moot since under § 1983, this Court cannot enjoin Judge Holowka's actions in his official capacity. The declaratory action against Judge Holowka must also be dismissed under § 1983.

    **C.**     **Eleventh Amendment**

Defendants argue the Eleventh Amendment bars Plaintiff's claims against the State of Michigan and Lapeer County Circuit Court, which is an arm of the State of Michigan. In response, Plaintiff claims that the Eleventh Amendment does not bar a state official's actions. Plaintiff does not dispute that the State of Michigan is entitled to Eleventh Amendment immunity but argues that Plaintiff challenges the constitutionality of the actions of Judge Holowka and the Lapeer County Circuit Court.

The Eleventh Amendment bars all actions brought against the state itself even injunctive actions that raise no risk of an impact on the treasury. *Pennhurst Sate School & Hospital v. Halderman,* 465 U.S. 89, 102 (1984). The Sixth Circuit has held that the Michigan Supreme Court is an arm of the State of Michigan. *Dubuc v. Michigan Bd. Of Law Examiners,* 342 F.3d 610, 615 (6th Cir. 2003). Courts in Michigan are arms of the state, entitled to sovereign immunity provided to the State of Michigan itself. *Smith v. Oakland Circuit Court,* 344 F. Supp. 2d 1030, 1035 (E.D. Mich. 2005).

The State of Michigan and the Lapeer County Circuit Court are dismissed based on the Eleventh Amendment. Judge Holowka is not dismissed under the Eleventh Amendment but is dismissed under § 1983, as set forth above.

### D.     Rooker-Feldman Doctrine

Defendants argue that the Rooker-Feldman doctrine bars this Court from reviewing Plaintiff's claims because her injuries resulted from the decisions of Judge Holowka. In response, Plaintiff claims that she was not a party to the divorce action and the action under the UFTA is still ongoing and there is no judgment to review by the Court. Plaintiff argues that she is not seeking review of any of Judge Holowka's decisions but that she is seeking a declaratory judgment that

certain Michigan laws are unconstitutional because they have the capacity to infringe upon one's rights to privacy and equal protection and to take property without due process of law.

The Rooker-Feldman doctrine prohibits federal courts below the United States Supreme Court, as set forth in 28 U.S.C. § 1257, from exercising appellate jurisdiction involving two categories of claims involving injuries arising directly from decisions [or] proceedings of state courts and claims that are inextricably intertwined with issues decided in state court proceedings. *Executive Arts Studio, Inc. v. City of Grand Rapids,* 391 F.3d 783, 793 (6th Cir. 2004); *Rooker v. Fidelity Trust Co.,* 263 U.S. 413 (1923); *District of Columbia Court of Appeals v. Feldman,* 460 U.S. 462 (1983). The Supreme Court explained that the Rooker-Feldman doctrine is confined to "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Exxon Mobil Corp. v. Saudi Basic Indus.,* 544 U.S. 280, 284 (2005). Based on *Exxon*, there are three elements that must be met before the Rooker-Feldman doctrine can be applied: 1) the party who lost in the state court proceeding must have filed the lawsuit in federal court; 2) the state court judgment was rendered before the federal lawsuit was filed; and 3) the issue in the federal lawsuit was caused by the state court judgment. *See Muhammad v. Paruk,* 553 F. Supp. 2d 893, 897 (E.D. Mich. 2008).

There are two cases before the State Court--the divorce action between Merle Chambers and Nadine Chambers and the action filed by Nadine Chambers under the UFTA where Merle Chambers and Plaintiff filed counterclaims. According to both parties, there has been no judgment rendered in the UFTA action. The Rooker-Feldman doctrine, therefore, does not apply to bar this Court's review of Plaintiff's Complaint as it relates to the UFTA action. As to the divorce proceedings

7

between Merle Chambers and Nadine Chambers, Plaintiff in this case was not a party in that case, therefore, Plaintiff cannot be considered a "state-court loser" in that case and the Rooker-Feldman doctrine does not bar this Court from reviewing Plaintiff's claims. Defendants' Motion to Dismiss based on the Rooker-Feldman doctrine is denied.

      **E.**      **Res Judicata and Collateral Estoppel**

Defendants argue that res judicata and collateral estoppel should be applied to Plaintiff's claims. Plaintiff agrees that the State Court granted Nadine Chambers' Motion for Summary Disposition on Plaintiff's counterclaim but argues the case is still ongoing since Nadine Chambers' claim has yet to be resolved.

Res Judicata or claim preclusion bars a subsequent action when there is: "(1) a final decision on the merits by a court of competent jurisdiction; (2) a subsequent action between the same parties or their "privies"; (3) an issue in the subsequent action which was litigated or which should have been litigated in the prior action; and (4) an identity of the causes of action." *Becherer v. Merrill Lynch, Pierce, Fenner, and Smith, Inc.,* 193 F.3d 415, 422 (6th Cir.1999) (en banc)(citation omitted). Collateral estoppel or issue preclusion requires that (1) "the precise issue raised in the present case must have been raised and actually litigated in the prior proceeding"; (2) "determination of the issue must have been necessary to the outcome of the prior proceeding;" (3) "the prior proceeding must have resulted in a final judgment on the merits;" and (4) "the party against whom estoppel is sought must have had a full and fair opportunity to litigate the issue in the prior proceeding." *NAACP, Detroit Branch v. Detroit Police Officers Ass'n,* 821 F.2d 328, 330 (6th Cir. 1987); *see also Rybarczyk v. TRW, Inc.,* 235 F.3d 975, 982 (6th Cir. 2000).

In this case, although the divorce action and any subsequent rulings on the modification of

8

alimony appear to be final, Plaintiff was not a party to that action. Plaintiff is a party to the UFTA action filed by Nadine Chambers where there is no final decision or final judgment entered. Claim and issue preclusion doctrines do not apply since the UFTA action is still pending before the State Court.

### F. Younger Abstention Doctrine

Defendants also claim that the *Younger* abstention doctrine should be applied. In response, Plaintiff argues that the Court should not abstain under the *Younger* abstention doctrine.

The *Younger* abstention doctrine requires a federal court to abstain from granting injunctive or declaratory relief that would interfere with pending state court proceedings. *Younger v. Harris,* 401 U.S. 37, 91 (1971). Three factors must be considered in determining whether to abstain: 1) whether the underlying proceedings constitute an ongoing judicial proceeding; 2) whether the proceedings implicate important state interests; and 3) whether there is an adequate opportunity in the state proceedings to raise a constitutional challenge. *O'Neill v. Coughlan,* 511 F.3d 638, 643 (6th Cir. 2008).

As to the first factor, Plaintiff acknowledges that the State Court actions are ongoing but that these actions are not "underlying" to the Plaintiff's claims. Plaintiff claims the ongoing state court actions have merely been the vehicle through which Plaintiff has realized the infringement upon her rights and the unconstitutionality of the Michigan laws in question. Plaintiff attempts to make a distinction as to the term "underlying" arguing that the actions before the State Court are not "underlying" the Plaintiff's claims. However, this Court's reading of the first factor does not support Plaintiff's argument. Plaintiff herself acknowledges that there are two ongoing judicial proceedings before the State Court. These two proceedings are the "underlying proceedings" which

relate to Plaintiff's claims before this Court. Without the "underlying proceedings," Plaintiff has no basis for her federal action. The first factor has been met.

Plaintiff also acknowledges that the State Court proceedings implicate important state interests including ensuring that parties to a divorce have adequate means to support themselves. The second factor is met.

The third factor has also been met since Plaintiff has an adequate opportunity before the State court to raise a constitutional challenge. Plaintiff is a party in the UFTA case filed by Nadine Chambers against Plaintiff and Merle Chambers. Plaintiff and her husband filed counterclaims against Nadine Chambers. The parties have sought review before the appellate courts on orders issued by Judge Holowka. Plaintiff may not agree with the State Court's rulings but she does have the opportunity to raise constitutional challenges, especially in light of the fact that as Plaintiff acknowledges the UFTA action is still ongoing.

Given that all three factors are met in order to apply the *Younger* abstention doctrine, the Court abstains from hearing the constitutional challenges raised by Plaintiff in this action. The case is dismissed without prejudice.

### G. Declaratory Action

Defendants urge this Court not to exercise its discretion and refrain from hearing the declaratory action filed by Plaintiff. Plaintiff argues that the Court should exercise its discretion to consider the declaratory action.

The Declaratory Judgment Act provides that in a case of actual controversy, the court may declare the rights and other legal relations of any interest party seeking such declaration. 28 U.S.C. § 2201. The Supreme Court has emphasized that the Act provides that a court "may" declare the

rights and other relations of any interested party, not that it must do so. *Medlmmune, Inc. v. Genentech, Inc.,* 549 U.S. 118 (2007). The Sixth Circuit has provided five factors to be considered in deciding whether to exercise jurisdiction over a declaratory judgment action: 1) whether the judgment would settle the controversy; 2) whether the declaratory judgment action would serve a useful purpose in clarifying the legal relations at issue; 3) whether the declaratory remedy is being used merely for the purpose of "procedural fencing" or "to provide an arena for a race for res judicata; 4) whether the use of a declaratory action would increase the friction between our federal and state courts and improperly encroach on state court jurisdiction; and 5) whether there is an alternative remedy that is better or more effective. *Scottsdale Ins. Co. v. Flowers*, 513 F.3d 546, 554 (6th Cir. 2008).

Issuing a declaratory judgment would not necessarily settle the controversy since, as noted above, the Court is unable to enjoin Judge Holowka from any actions in his official capacity. The declaratory judgment would not serve a useful purpose in clarifying the legal relations at issue for the same reasons. The declaratory judgment appears to be used as procedural fencing or to provide an arena for a race to res judicata since there is an ongoing state court action involving the same issues. The declaratory action would increase the friction between the federal and state courts given that state courts have been given the authority over domestic relations matters. The alternative remedy would be for Plaintiff to fully raise her claims before the State Court, if she has not done so already. Based on these reasons, the Court will not exercise its discretion under the Declaratory Judgment Act.

### III.     CONCLUSION

11

For the reasons set forth above,

IT IS ORDERED that Defendants' Motion to Dismiss, or alternatively, for Summary Judgment, **[Doc. No. 14, filed 7/26/2010]** is GRANTED.

IT IS FURTHER ORDERED that this action is DISMISSED with prejudice.

s/Denise Page Hood
Denise Page Hood
UNITED STATES DISTRICT JUDGE

Dated: March 16, 2011

I hereby certify that a copy of the foregoing document was mailed to the attorneys of record on this date, March 16, 2011, by electronic and/or ordinary mail.

s/Felicia Moses for LaShawn R. Saulsberry
Case Manager, (313) 234-5165
